J-S37020-25

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :         PENNSYLVANIA
                                                      :

v.                                    :
                                                      :

RICHARD E. THOMAS            :
                                                        :

            Appellant          :   No. 125 EDA 2025

Appeal from the Order Entered October 28, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002829-2008

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 15, 2026**

Richard E. Thomas appeals *pro se* from the order denying his untimely-filed serial petition under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The facts and procedural history may be summarized as follows. On February 3, 2009, Thomas entered an open guilty plea to twelve counts of delivery of cocaine, one count of possession with intent to distribute cocaine, and one count of conspiracy with intent to deliver cocaine. On June 10, 2009, the Commonwealth filed its notices of its intent to seek a mandatory two-year sentence on ten counts of delivery of cocaine pursuant to 18 Pa.C.S.A. § 6317 (relating to drug-free school zones). The Commonwealth also filed a notice of

_____

[*] Former Justice specially assigned to the Superior Court.

intent to seek a mandatory minimum sentence for the possession with intent to deliver 15.5 grams of cocaine pursuant to 18 Pa.C.S.A. § 7508 (providing mandatory minimums based on weight of contraband).

On June 25, 2009, the trial court held a sentencing hearing. Based on the evidence presented by the Commonwealth, the trial court found that, pursuant to Section 6317, Thomas had delivered cocaine at a location within 1000 feet of a school and/or within 25 feet of a playground as to four counts. Thus, the court found it was required to impose a mandatory two-year sentence on each count. Additionally, the trial court found that the Commonwealth met its burden as to Section 7508. Because the court found Thomas to have possessed 15.5 grams of cocaine upon his arrest, and because Thomas had been previously convicted of a drug trafficking offense, the court imposed a mandatory five-year minimum sentence. As to all counts, the trial court imposed an aggregate sentence of 11 to 22 years of imprisonment.

After the trial court denied his reconsideration motion, Thomas appealed. On October 19, 2010, this Court affirmed his judgment of sentence. *Commonwealth v. Thomas*, 15 A.3d 533 (Pa. Super. 2010) (non-precedential decision). Thomas did not timely seek further review. *See infra*.

On February 22, 2013, Thomas filed his first *pro se* PCRA petition, and the PCRA court appointed counsel. Thereafter, PCRA counsel filed a motion to withdraw and a no-merit letter, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.

Super. 1988) (*en banc*), in which counsel asserted that Thomas' petition was untimely filed. On January 9, 2014, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Thomas' petition and permitted PCRA counsel to withdraw. It is unclear from our review of the certified record whether Thomas filed a response. By order entered June 19, 2014, the PCRA court dismissed Thomas' first PCRA petition as untimely filed. Thomas did not file an appeal.

Thomas filed subsequent PCRA petitions in 2014 and 2015 that were not successful. On June 20, 2016, Thomas filed the *pro se* PCRA petition at issue. In this petition, Thomas asserted the newly-discovered fact exception to the PCRA's time bar, arguing that his mandatory minimum sentences pursuant to Section 6317 were unconstitutional in light of our Supreme Court's 2015 decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). In **Hopkins**, the high court held Section 6317 unconstitutional based upon the U.S. Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). Thomas further argued that his mandatory minimum sentence imposed pursuant to Section 7508 was unconstitutional based upon the same reasoning put forth in **Hopkins**.

On January 18, 2017, the PCRA court issued a Rule 907 notice of its intent to dismiss Thomas' petition as untimely. Thereafter, due to the original PCRA judge's retirement, the case was transferred to a new judge. Inexplicably, by an order entered over seven years later, on October 28, 2024,

the PCRA court dismissed the PCRA petition as untimely filed. This timely appeal followed.[1] On February 24, 2025, the PCRA court filed its Appellate Rule 1925(a) opinion, in which it explained why Thomas failed to establish an exception to the PCRA's time bar.

Thomas raises four issues on appeal, which we produce verbatim:

(1.) Was [Thomas'] PCRA Petition timely filed?

(2.) Did the PCRA Court err by denying [Thomas'] PCRA Petition, and was plea counsel ineffective for not objecting to the Commonwealth's notice of it's seeking the mandatory minimum sentencing, which breach plea agreement?

(3.) Did the PCRA Court violate the Constitution of this Commonwealth, or the Constitution and Laws of the United States? By not appointing [Thomas], a different attorney to represent [Thomas] on his first PCRA Petition. Whereas, [Thomas], asserted plea counsel Bigham, could not argue or raise his own ineffectiveness on PCRA.

(4.) [Thomas'] mandatory minimum sentence, pursuant to Pa.C.S.A. §6317, 7508 is unconstitutional in light of the Pa. Supreme Court's decision in **Com. v. Hopkins**, 98 MAP 2013 (June 15, 2015)

Thomas' Brief at 7 (unnumbered).

_____

[1] Approximately 52 days after the PCRA court's dismissal order, Thomas filed a notice of appeal directly to this Court. Although facially untimely, our review of the trial court docket entry confirms the PCRA court's statement that the clerk of courts failed to serve Thomas with a copy of the final order. Thus, Thomas' appeal is considered timely. **See generally Commonwealth v. Midgley**, 289 A.3d 1111 (Pa. Super. 2023).

Contrary to Thomas' claim, however, this lack of service does not render his 2016 PCRA petition timely. **See** Thomas' Brief at 13-14.

In addressing his first issue, we consider the PCRA court's conclusion that Thomas' serial PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Thomas' judgment of sentence became final on November 19, 2010, thirty days after this Court affirmed his sentence and the time for filing a petition for allowance of appeal to our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[2] Therefore, Thomas had until November 21, 2011, to file a timely petition.[3] Because Thomas filed the petition at issue in 2016, it is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

In his PCRA petition, Thomas asserted that he could meet the newly-discovered fact exception to the PCRA's one-year time bar. As this Court has previously summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise

---

[2] On November 9, 2012, our Supreme Court denied Thomas' *nunc pro tunc* petition for allowance of appeal. Because Thomas did not timely file that petition, his judgment of sentence was final on November 19, 2010. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) (explaining that, because the appellant did not timely file his petition seeking allowance of appeal, "under the express terms of Section 9545(b)(3), [his] judgment of sentence became final after the expiration of the thirty-day period in which [he] was permitted to seek further review").

[3] Because the thirtieth day fell on a weekend, Thomas had until the following Monday to file a timely PCRA petition. ***See*** 1 Pa.C.S.A. § 1908.

of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, Thomas contends that our Supreme Court's *Hopkins* decision constitutes a "newly discovered fact" pursuant to this subsection. He is mistaken. It is now well-settled that when a petitioner asserts that a PCRA petition is timely based on the issuance of a judicial decision, only the third Section 9545 timeliness exception, *i.e.*, an after-recognized constitutional right, may apply. "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citing *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011)).

Importantly, while the *Hopkins* decision declared Section 6317 unconstitutional, it did not create a newly-recognized constitutional right that the high court found applied retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii). As the PCRA court correctly noted:

> [Thomas] cannot avail himself of the newly recognized constitutional right exception under [Section 9545(b)(1)(iii)], because the *Hopkins* decision did not announce a "new rule," but simply assessed the validity of Section 6317 under [*Alleyne*] and

concluded that particular mandatory minimum sentencing statute was unconstitutional. Furthermore, even if **Hopkins** had announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that [**Hopkins**] applies retroactively to post-conviction petitioners such as [Thomas]. A new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips**, 31 A.3d 317, 320 (Pa. Super. 2011). Therefore, [Thomas'] [serial] PCRA petition was untimely, and he is not entitled to the application of any timeliness exception.

PCRA Court Opinion, 2/24/25, at 8. We agree. When Thomas was sentenced in 2009, the mandatory minimums were lawfully included in his aggregate sentence.

In sum, the PCRA court correctly determined that Thomas' serial PCRA petition was untimely filed, and he did not plead or prove an exception to the PCRA's time bar. As such, we lack jurisdiction to address the merits of his substantive issues. **Derrickson**, **supra**. We therefore affirm the PCRA court's order dismissing Thomas' 2016 petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026